**[Cite as *Disciplinary Counsel v. Houser*, 94 Ohio St.3d 1209, 2001-Ohio-4385.]**

**OFFICE OF DISCIPLINARY COUNSEL *v*. HOUSER.**

**[Cite as *Disciplinary Counsel v. Houser* (2001), 94 Ohio St.3d 1209.]**

*Attorneys at law — Misconduct — Reciprocal discipline from California — Six-month suspension stayed with two-year probation on conditions — Gov.Bar R. V(11)(F)(4).*

(No. 01-1718 — Submitted and decided December 20, 2001.)

ON CERTIFIED ORDER OF THE SUPREME COURT OF CALIFORNIA, No. S095786.

_____

This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

On September 25, 2001, relator, Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of California entered May 15, 2001, in *In re William John Houser, Jr.,* in case No. S095786, suspending respondent, William John Houser, Jr., for six months, with the suspension stayed, and placing respondent on probation for two years subject to the conditions of probation. On October 30, 2001, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to the show cause order. This cause was considered by the court and on consideration thereof,

IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, William John Houser, Jr., Attorney Registration No. 0026900, last known business address in Reseda, California, be suspended from the practice of law for six months with the suspension stayed and respondent placed on probation for a period of two years on condition. It is further ordered that respondent may not apply for termination of probation in Ohio until such time as his probation is terminated in the state of California.

IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IF IS FURTHER ORDERED that respondent's probation will not be terminated until (1) respondent files an application for termination of probation in accordance with Gov.Bar R. V(9)(D); (2) respondent files proof with this court demonstrating that he is no longer on probation in California; (3) respondent complies with this order and all other orders issued by this court; (4) respondent complies with the Rules for the Government of the Bar of Ohio; and (5) this court issues an order terminating respondent's probation.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____